### *United States Department of Justice*

*United States Attorney*
*Southern District of West Virginia*

---

| | |
|---|---|
| *Robert C. Byrd United States Courthouse*<br>*300 Virginia Street, East*<br>*Suite 4000*<br>*Charleston, WV 25301*<br>*1-800-659-8726* | *Mailing Address*<br>*Post Office Box 1713*<br>*Charleston, WV 25326*<br>*304-345-2200*<br>*FAX: 304-347-5104* |

February 9, 2021



Robert Dunlap, Esq.
Dunlap & Associates
208 Main Street
Beckley, WV 25801

Re: United States v. Douglas Patrick Humphrey
    Criminal No. 5:21-cr-_____ (USDC SDWV)

Dear Mr. Dunlap:

This will confirm our conversations with regard to your client, Douglas Patrick Humphrey (hereinafter "Mr. Humphrey"). As a result of these conversations, it is agreed by and between the United States and Mr. Humphrey as follows:

1. **CHARGING AGREEMENT.** Mr. Humphrey agrees to waive his right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and will consent to the filing of a single-count information to be filed in the United States District Court for the Southern District of West Virginia, a copy of which is attached hereto as "Plea Agreement Exhibit A."

2. **RESOLUTION OF CHARGES.** Mr. Humphrey will plead guilty to a violation of 18 U.S.C. §§ 2251(a) and (e) (attempted production of child pornography) as charged in said information.

3. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Humphrey will be exposed by virtue of this guilty plea is as follows:

    (a) Imprisonment for a period of at least 15 and up to 30 years;

*DPH*
_____
Defendant's
Initials

Robert Dunlap, Esq.
February 9, 2021                    Re: Douglas Patrick Humphrey
Page 2

    (b)    A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c)    A term of supervised release of 5 years to life;

    (d)    A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013 and $5,000 pursuant to 18 U.S.C. § 3014; and

    (e)    An order of restitution pursuant to 18 U.S.C. §§ 2259, 3663A, and 3664, or as otherwise set forth in this plea agreement.

    4.    **SPECIAL ASSESSMENT**. Prior to the entry of a plea pursuant to this plea agreement, Mr. Humphrey will tender a check or money order to the Clerk of the United States District Court for $100, which check or money order shall indicate on its face the name of defendant and the case number. The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Mr. Humphrey will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement. If Mr. Humphrey fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement. In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Mr. Humphrey.

    5.    **RESTITUTION**. Notwithstanding the offense of conviction, Mr. Humphrey understands that the Court shall order restitution to the victims in this case, including Minor Female 1 and Minor Female 2, as identified further in Attachment B, for full amount of the victims' losses, if any. Mr. Humphrey further agrees to pay such restitution, with interest as allowed by law, to the fullest extent financially feasible.

*DPH*
_____
Defendant's
Initials

Robert Dunlap, Esq.
February 9, 2021                    Re: Douglas Patrick Humphrey
Page 3

        In aid of restitution, Mr. Humphrey further agrees as follows:

(a)   Mr. Humphrey agrees to fully assist the United States in
      identifying and locating any assets to be applied toward
      restitution and to give signed, sworn statements and
      testimony concerning assets upon request of the United
      States.

(b)   Mr. Humphrey will fully complete and execute, under
      oath, a Financial Statement and a Release of Financial
      Information on forms supplied by the United States and
      will return these completed forms to counsel for the
      United States within seven calendar days from the date
      of the signing of this plea agreement.

(c)   Mr. Humphrey agrees not to dispose of, transfer or
      otherwise encumber any real or personal property which
      he currently owns or in which he holds an interest.

(d)   Mr. Humphrey agrees to fully cooperate with the United
      States in the liquidation of assets to be applied towards
      restitution, to execute any and all documents necessary
      to transfer title of any assets available to satisfy
      restitution, to release any and all right, title and
      interest he may have in and to such property, and waives
      his right to exemptions under the Federal Debt
      Collection Procedures Act upon levy against and the sale
      of any such property.

(e)   Mr. Humphrey agrees not to appeal any order of the
      District Court imposing restitution unless the amount of
      restitution imposed exceeds $10,000 per victim.
      However, nothing in this provision is intended to
      preclude the Court from ordering Mr. Humphrey to pay a
      greater or lesser sum of restitution in accordance with
      law.

                                        _DPH_____
                                        Defendant's
                                        Initials

Robert Dunlap, Esq.
February 9, 2021                    Re: Douglas Patrick Humphrey
Page 4

      6.   **ABANDONMENT OF PROPERTY.**  Mr. Humphrey hereby agrees to
release, relinquish, waive or abandon to the United States or to
the State of West Virginia any and all right, title and interest
he may have in certain items seized on or about August 26, 2020,
from Mr. Humphrey's vehicle and residence, that is, two Apple
iPhones; and certain items seized on or about December 11, 2020,
at the time of arrest, that is, one Apple iPhone. The property
hereby abandoned by the defendant under this paragraph will be
destroyed or otherwise disposed of by federal, state or local law
enforcement officers according to the law.

      7.   **PAYMENT OF MONETARY PENALTIES.** Mr. Humphrey authorizes
the Financial Litigation Unit in the United States Attorney's
Office to obtain a credit report from any major credit reporting
agency prior to sentencing in order to assess his financial
condition for sentencing purposes.   Mr. Humphrey agrees not to
object to the District Court ordering all monetary penalties
(including the special assessment, fine, court costs, and any
restitution that does not exceed the amount set forth in this plea
agreement) to be due and payable in full immediately and subject
to immediate enforcement by the United States.   So long as the
monetary penalties are ordered to be due and payable in full
immediately, Mr. Humphrey further agrees not to object to the
District Court imposing any schedule of payments as merely a
minimum schedule of payments and not the only method, nor a
limitation on the methods, available to the United States to
enforce the judgment.

     Mr. Humphrey authorizes the United States, through the
Financial Litigation Unit, to submit any unpaid criminal monetary
penalty to the United States Treasury for offset in accordance
with the Treasury Offset Program, regardless of the defendant's
payment status or history at that time.

     In addition to any payment ordered by the Court, Mr. Humphrey
shall pay all monies received from any source other than earned
income, including but not limited to, lottery winnings, gambling

*DPH*
_____
Defendant's
Initials

Robert Dunlap, Esq.
February 9, 2021                    Re: Douglas Patrick Humphrey
Page 5

proceeds, judgments, inheritances, and tax refunds,  toward the
court ordered restitution or fine.

   Mr. Humphrey agrees that if he retains counsel or has
appointed counsel in response to the United States' efforts to
collect any monetary penalty, he shall immediately notify the
United States Attorney's Office, Attention: Financial Litigation
Unit, P.O. Box 1713, Charleston, West Virginia 25326-1713, in
writing and shall instruct his attorney to notify FLU immediately
of his representation.

   8.   **COOPERATION**.   Mr. Humphrey will be forthright and
truthful with this office and other law enforcement agencies with
regard to all inquiries made pursuant to this agreement, and will
give signed, sworn statements and grand jury and trial testimony
upon request of the United States.   In complying with this
provision, Mr. Humphrey may have counsel present except when
appearing before a grand jury.

   9.   **USE IMMUNITY**.   Unless this agreement becomes void due
to a violation of any of its terms by Mr. Humphrey, and except as
expressly provided for in paragraph 11 below, nothing contained in
any statement or testimony provided by him pursuant to this
agreement, or any evidence developed therefrom, will be used
against him, directly or indirectly, in any further criminal
prosecutions or in determining the applicable guideline range
under the Federal Sentencing Guidelines.

   10.   **LIMITATIONS ON IMMUNITY**.   Nothing contained in this
agreement restricts the use of information obtained by the United
States from an independent, legitimate source, separate and apart
from any information and testimony provided pursuant to this
agreement, in determining the applicable guideline range or in
prosecuting Mr. Humphrey for any violations of federal or state
laws.   The United States reserves the right to prosecute Mr.
Humphrey for perjury or false statement if such a situation should
occur pursuant to this agreement.

DPH
_____
Defendant's
Initials

Robert Dunlap, Esq.
February 9, 2021                    Re: Douglas Patrick Humphrey
Page 6


    11.  **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.**
The United States and Mr. Humphrey stipulate and agree that the
facts comprising the offense of conviction and some, but not all,
relevant conduct include the facts outlined in the "Stipulation of
Facts," a copy of which is attached hereto as "Plea Agreement
Exhibit B."

    Mr. Humphrey agrees that if he withdraws from this agreement,
or this agreement is voided as a result of a breach of its terms
by him, and he is subsequently tried for his conduct alleged in
the information and other relevant conduct, as more specifically
described in the Stipulation of Facts, the United States may use
and introduce the Stipulation of Facts in the United States case-
in-chief, in cross-examination of Mr. Humphrey or of any of his
witnesses, or in rebuttal of any testimony introduced by him or on
his behalf. Mr. Humphrey knowingly and voluntarily waives, see
United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has
pursuant to Fed. R. Evid. 410 that would prohibit such use of the
Stipulation of Facts.   If the Court does not accept the plea
agreement through no fault of the defendant, or the Court declares
the agreement void due to a breach of its terms by the United
States, the Stipulation of Facts cannot be used by the United
States.

    The United States and Mr. Humphrey understand and acknowledge
that the Court is not bound by the Stipulation of Facts and that
if some or all of the Stipulation of Facts is not accepted by the
Court, the parties will not have the right to withdraw from the
plea agreement.

    12.  **AGREEMENT ON SENTENCING GUIDELINES.**  Based on the
foregoing Stipulation of Facts, the United States and Mr. Humphrey
agree that the following provisions of the United States Sentencing
Guidelines apply to this case.


                                        DPH
                                   _____
                                   Defendant's
                                   Initials

Robert Dunlap, Esq.
February 9, 2021                    Re: Douglas Patrick Humphrey
Page 7

| USSG §2G2.1 | |
|---|---|
| Base offense level | 32 |
| Minor between 12 and 16 | + 2 |
| Sexual act or contact | + 2 |
| Use of a computer | + 2 |
| USSG §4B1.5(b) | |
| Pattern of prohibited sexual conduct | + 5 |
| Adjusted offense level | 43 |

The United States and Mr. Humphrey acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

13. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Humphrey knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. Mr. Humphrey also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statutes of conviction (18 U.S.C. §§ 2251(a) and (e)) are unconstitutional, and (2) Mr. Humphrey's conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit B) does not fall within the scope of 18 U.S.C. §§ 2251(a) and (e).

DPH
Defendant's
Initials

Robert Dunlap, Esq.
February 9, 2021                    Re: Douglas Patrick Humphrey
Page 8


     The United States also agrees to waive its right to appeal
any sentence of imprisonment, fine, or term of supervised release
imposed by the District Court, or the manner in which the sentence
was determined, on any ground whatsoever, including any ground set
forth in 18 U.S.C. § 3742(b), except that the United States may
appeal any sentence that is below the minimum penalty, if any,
prescribed by statute.

     Mr. Humphrey also knowingly and voluntarily waives the right
to challenge his guilty plea and conviction resulting from this
plea agreement, and any sentence imposed for the conviction, in
any collateral attack, including but not limited to a motion
brought under 28 U.S.C. § 2255.

     The waivers noted above shall not apply to a post-conviction
collateral attack or direct appeal based on a claim of ineffective
assistance of counsel.

     14. **WAIVER OF FOIA AND PRIVACY RIGHT**.   Mr.  Humphrey
knowingly and voluntarily waives all rights, whether asserted
directly or by a representative, to request or receive from any
department or agency of the United States any records pertaining
to the investigation or prosecution of this case, including without
any limitation any records that may be sought under the Freedom of
Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974,
5 U.S.C. § 552a, following final disposition.

     15. **SEX OFFENDER REGISTRATION REQUIREMENT**. Mr. Humphrey
understands and acknowledges that under the Federal Sex Offender
Registration and Notification Act, he must register as a sex
offender and keep the registration current in each of the following
jurisdictions: where he resides, where he is an employee and where
he is a student. Mr. Humphrey understands that the federal
registration requirement and any state registration requirement
may apply throughout his life. Mr. Humphrey further understands
that the requirement to keep the registration current includes
informing at least one of the aforementioned jurisdictions not
later than three days after any change of name, residence,

_DPH_
_____
Defendant's
Initials

Robert Dunlap, Esq.
February 9, 2021                    Re: Douglas Patrick Humphrey
Page 9

employment or student status.   Mr. Humphrey understands that
failure to comply with these obligations subjects him to
prosecution for failure to register under federal law, 18 U.S.C.
§ 2250, which is punishable by a fine or imprisonment, or both.

    16.   **FINAL DISPOSITION.** The matter of sentencing is within
the sole discretion of the Court. The United States has made no
representations or promises as to a specific sentence.  The United
States reserves the right to:

    (a)   Inform the Probation Office and the Court of all relevant
        facts and conduct;

    (b)   Present evidence and argument relevant to the factors
        enumerated in 18 U.S.C. § 3553(a);

    (c)   Respond to questions raised by the Court;

    (d)   Correct inaccuracies or inadequacies in the presentence
        report;

    (e)   Respond to statements made to the Court by or on behalf
        of Mr. Humphrey;

    (f)   Advise the Court concerning the nature and extent of Mr.
        Humphrey's cooperation; and

    (g)   Address the Court regarding the issue of Mr. Humphrey's
        acceptance of responsibility.

    17.   **VOIDING OF AGREEMENT.**   If either the United States or
Mr. Humphrey violates the terms of this agreement, the other party
will have the right to void this agreement. If the Court refuses
to accept this agreement, it shall be void.

    18.   **ENTIRETY OF AGREEMENT.**   This written agreement
constitutes the entire agreement between the United States and Mr.
Humphrey in this matter.  There are no agreements, understandings

_DPH_
Defendant's
Initials

Robert Dunlap, Esq.
February 9, 2021                        Re: Douglas Patrick Humphrey
Page 10

or recommendations as to any other pending or future charges
against Mr. Humphrey in any Court other than the United States
District Court for the Southern District of West Virginia.

    Acknowledged and agreed to on behalf of the United States:

                        MICHAEL B. STUART
                        United States Attorney

By:

                        Jennifer Rada Herrald
                        Assistant United States Attorney

I hereby acknowledge by my initials at the bottom of each of the
foregoing pages and by my signature on the last page of this 10-
page agreement that I have read and carefully discussed every part
of it with my attorney, that I understand the terms of this
agreement, and that I voluntarily agree to those terms and
conditions set forth in the agreement.  I further acknowledge that
my attorney has advised me of my rights, possible defenses, the
Sentencing Guideline provisions, and the consequences of entering
into this agreement, that no promises or inducements have been
made to me other than those in this agreement, and that no one has
threatened me or forced me in any way to enter into this agreement.
Finally, I am satisfied with the representation of my attorney in
this matter.

| | |
|---|---|
| Douglas Patrick Humphrey | 2/12/21 |
| Defendant | Date Signed |
| Robert Dunlap, Esq. | 2-12-21 |
| Counsel for Defendant | Date Signed |

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

UNITED STATES OF AMERICA

v.                          CRIMINAL NO. _____
                                        18 U.S.C. §2251(a)
                                        18 U.S.C. §2251(e)
DOUGLAS PATRICK HUMPHREY

I N F O R M A T I O N
(Attempted Production of Child Pornography)

The United States Attorney Charges:

On or about August 25, 2020, through on or about August 26, 2020, at or near Beckley, Raleigh County, West Virginia, and within the Southern District of West Virginia, defendant DOUGLAS PATRICK HUMPRHEY did knowingly attempt to employ, use, persuade, induce, entice, and coerce a minor, Minor Female 1, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted in and affecting interstate commerce and using a means and facility of interstate commerce.

In violation of Title 18, United States Code, Sections 2251(a) and (e).

MICHAEL B. STUART
United States Attorney


By: _____
    JENNIFER RADA HERRALD
    Assistant United States Attorney


PLEA AGREEMENT EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 5:21-cr-_____

DOUGLAS PATRICK HUMPHREY

STIPULATION OF FACTS

    The United States and DOUGLAS PATRICK HUMPRHEY (hereinafter "I" or "me") stipulate and agree that the facts comprising the offense of conviction in the Information and some, but not all, relevant conduct in include the following:[1]

DEFENDANT'S FACTUAL BASIS FOR GUILTY PLEA

    From on or about August 25, 2020, through on or about August 26, 2020, at or near Beckley, Raleigh County, West Virginia, and within the Southern District of West Virginia, I was communicating on Snapchat, a cell phone application that relies upon cellular networks and the Internet, with a person I understood to be Minor Female 1.[2] I had previously communicated with Minor Female 1 for a few months and had met her in person on at least three occasions. Minor Female 1 has alleged that we engaged in sexual activity, specifically oral sex and sexual intercourse, on those occasions. On the evening of August 25 into the early morning hours of August 26, 2020, I discussed with Minor Female 1 a plan to meet in person

---

[1] This Stipulation of Facts and Factual Basis for Guilty Plea does not contain each and every fact known to DOUGLAS PATRICK HUMPHREY and to the United States concerning his involvement and the involvement of others in the charge set forth in the Information.

[2] On this date, Minor Female 1's Snapchat account was being operated by an undercover law enforcement officer.

PLEA AGREEMENT EXHIBIT B

that evening. During those chats, I asked Minor Female 1 "Are you ready for this dick?" and stated she would "ride this dick" when we met in person.

I also told Minor Female 1 that before we met in person I wanted her to engage in sexual intercourse with a Black man, record it on video, and send that video to me via Snapchat. I had previously made a similar request of Minor Female 1, and in early July 2020 she complied with my request and recorded herself engaged in sexual activity with another man. She sent this video to me via Snapchat. Minor Female 1 turned 15 years old in July 2020. In the early morning hours of August 26, 2020, I drove to the location where I had arranged to meet Minor Female 1 and was placed under arrest on state charges.

In May 2020, I was also communicating via Snapchat with a 13-year-old female, Minor Female 2. Minor Female 2 has alleged that I sexually assaulted her in a church parking lot at or near Summersville, Nicholas County, West Virginia, on her 13th birthday. As corroborated by the location data found on my cell phone, I had traveled from Beckley to the location in Nicholas County where Minor Female 2 indicated that the sexual assault occurred at approximately the same time she stated the assault occurred.

Stipulated and agreed to:

_____                    2/12/21
DOUGLAS PATRICK HUMPRHEY                              Date
Defendant

_____                    2-12-21
ROBERT DUNLAP, ESQ.                                  Date
Counsel for Defendant

_____                    2-23-21
JENNIFER RADA HERRALD                                Date
Assistant United States Attorney

**PLEA AGREEMENT EXHIBIT B**