```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        BECKLEY
```

**UNITED STATES OF AMERICA**

**v.**                                    **CRIMINAL NO. 5:21-00005**

**DOUGLAS PATRICK HUMPHREY**

### SENTENCING MEMORANDUM OF THE UNITED STATES

Comes now the United States of America by Assistant United States Attorney Jennifer Rada Herrald and files this Sentencing Memorandum. Based on the facts set forth in the Presentence Investigation Report ("PSR") and as more fully discussed below, defendant's conduct warrants a sentence within the advisory guideline range.

The PSR references at least six victims of inappropriate or illegal sexual conduct by defendant. Minor Female 1, the victim of the offense of conviction, was only 15 years old when defendant convinced her to create a video of herself engaged in sexual intercourse with another man and send it to him. After receiving this video, defendant requested she create a second video of the same nature, although he unwittingly addressed this request to a law enforcement officer who had taken over the minor's account. This conduct alone is egregious and, as recognized by both the statutory mandatory-minimum sentence and the advisory guidelines, warrants a substantial sentence of incarceration. That this was

not an isolated incident of sexual abuse and assault simply affirms that a guideline sentence is warranted.

As noted in the PSR, defendant's first identified instance of sexual misconduct occurred when he was a teen. He admitted to touching the vagina of a then 6-year-old child; that victim's sister also alleged that he inappropriately groped her buttocks when she was only 8 years old.

During the same time frame that defendant was engaging in the illegal conduct regarding Minor Female 1, he was also accused by a 13-year-old female (Minor Female 2) of sexual assault, although defendant was not identified as the perpetrator in that offense until after his arrest in this case. Minor Female 2 described defendant sexually assaulting her by having sexual intercourse with her outside a church in Nicholas County on her 13th birthday. She further identified his distinctive yellow Hummer during her initial disclosure of the assault. Once defendant was arrested and his phone analyzed, location data put him at the identified location in Nicholas County at the same time the minor had said he assaulted her.

These four instances alone indicate that defendant is a sexual predator who targets minors and has done so over the course of half of his life. However, defendant's conduct is not limited to minors; at least two young adult victims have come forward to law enforcement to report being subjected to non-consensual sexual

2

intercourse with the defendant.[1] Both women disclosed similar assaults[2] – defendant met them on a dating site, drove them to his home, and sexually assaulted them in his bedroom after beginning to watch a movie. On both occasions the victims were also subjected to repeated attempts by defendant to contact them after the fact.

Collectively, these incidents demonstrate that defendant has engaged in an extensive pattern of sexual abuse and assault that has victimized at least six women and girls, and there is no reason to believe that this clear compulsion will change. A guideline sentence is accordingly appropriate in this case.

### A. Sentencing Factors

In considering the 18 U.S.C. § 3553(a) sentencing factors, the United States asks that the Court consider the following:

**(1) The nature and circumstances of the offense.**

The offense of conviction (and the totality of the conduct involving Minor Female 1) involves a defendant convincing a 15-year-old girl to engage in sexual intercourse with other men for the purpose of producing child pornography for his personal

---

[1] Defendant has objected to the inclusion of this information in the PSR. The United States concurs with the response by probation that such information is pertinent and falls within the scope of "information concerning the background, character and conduct of the defendant" that may be appropriately considered by this Court.

[2] While the PSR at Paragraph 57 indicates the two adult victims had previously communicated on Facebook, the messages between the two (attached in redacted form as Exhibit 1) make clear that Female 1 had already met with law enforcement when Female 2 made contact with her and disclosed her own similar experience.

enjoyment. While defendant has not admitted as much, Minor Female 1 had disclosed that defendant also engaged in sexual activity with her on numerous occasions despite her being underage. Defendant's conduct involved victimizing a child in the community and ensuring that this sexual abuse of a minor was preserved via video for his sexual gratification. The abhorrent nature of the offense warrants a sentence within the advisory guideline range.

**(2) The history and characteristics of the defendant.**

Defendant's history and characteristics regarding the sexual exploitation of women and children are inadequately captured by his criminal history. While Minor Female 1 appears to be at least his sixth victim, defendant has no criminal history points attributed to him. As Exhibit 1 demonstrates, his two adult victims did not feel they could come forward and be believed (in part due to defendant insinuating to them that his family was in law enforcement and he was thus immune from criminal liability). Minor Female 2 disclosed but was unable to provide defendant's actual identity. The nature of his clear predisposition to engage in sexual assault and exploitation warrants a sentence within the guideline range, particularly given that his criminal history is arguably underrepresented in the advisory range.

Defendant cites to mitigation in the form of therapy he began following his arrest on state charges related to this case. While defendant clearly is in need of sex offender treatment, the fact

4

that he only sought such treatment when facing criminal charges is not clearly indicative of remorse or a genuine desire to change; it rather shows that he had the resources to engage in therapy to which he could point for purposes of mitigation.[3]

> **(3) Need for sentence imposed to reflect seriousness of the offense, respect for the law, just punishment, adequate deterrence, and to protect the public.**

The serious nature of the offense and the need for just punishment for defendant's conduct, as described above, warrants a sentence within the guidelines. Defendant's long-term history of sexual assault and exploitation further demonstrates that a sentence within the advisory guideline range is necessary to provide adequate deterrence to defendant and to others generally. Given the sheer number of his prior victims, a lengthy term of incarceration is also necessary to protect women and girls of all ages from future assaults by defendant.

**B. Conclusion**

The United States respectfully requests that the defendant be sentenced a term of imprisonment within the advisory guideline range set forth in the PSR to be followed by a 15-year term of supervised release.

---

[3] The United States has requested a transcript of the testimony of Dr. Dumas from defendant's detention hearing and will submit it to the Court upon receipt to provide the Court with a more detailed account of the circumstances and results of his therapy.

```
                              Respectfully submitted,

                              LISA G. JOHNSTON
                              Acting United States Attorney

                              /s/Jennifer Rada Herrald
                              JENNIFER RADA HERRALD
                              Assistant United States Attorney
                              WV Bar No. 12181
                              300 Virginia Street, East
                              Room 4000
                              Charleston, WV 25301
                              Telephone:  304-345-2200
                              Fax:  304-347-5104
                              Email: jennifer.herrald@usdoj.gov
```

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "SENTENCING MEMORANDUM OF THE UNITED STATES" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 17th day of June, 2021 to:

>Robert Dunlap, Esq.
>Dunlap & Associates
>208 Main Street
>Beckley, WV 25801

>/s/Jennifer Rada Herrald
>JENNIFER RADA HERRALD
>Assistant United States Attorney
>WV Bar No. 12181
>300 Virginia Street, East
>Room 4000
>Charleston, WV 25301
>Telephone: 304-345-2200
>Fax: 304-347-5104
>Email: jennifer.herrald@usdoj.gov