## IN THE UNITED STATES COURT DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BECKLEY

**UNITED STATES OF AMERICA**

**V.**                                                              **CRIMINAL NO. 5:21-cr-00005**

**DOUGLAS PATRICK HUMPHREY**
    Defendant.

### DEFENDANT'S, DOUGLAS PATRICK HUMPHREY, AMENDED SENTENCING MEMORANDUM

Defendant, Douglas Patrick Humphrey, by counsel, Robert P. Dunlap, II, submits this Sentencing Memorandum for the Court's consideration. The United States Probation Office has correctly calculated Mr. Humphrey's advisory United States Sentencing Guideline imprisonment range as 292 to 360 months, based upon a total offense level of 40 and a criminal history category of I. There are no remaining objections to the presentence report. Mr. Humphrey acknowledges the seriousness of the offense and the need to provide just punishment, but asks the Court to vary downward from the advisory imprisonment range based upon the circumstances of his case, and the totality of the factors in 18 U.S.C. § 3553(a) and instead sentence him to a term of imprisonment less than 292 months.

    **I.**    **Section 3553(a)(1): The nature and circumstances of the offense and the history and characteristics of the Defendant.**

        **A.**    **Nature and Circumstances of the Offense**

Mr. Humphrey pled guilty to a single count Information charging him with attempted production of child pornography. The Presentence Investigation Report sets forth the nature of Mr. Humphrey's participation in this activity.

1

**B.     History and Characteristics of Defendant**

**1.     Mr. Humphrey is close with his family.**

Mr. Humphrey maintains a close relationship his mother, father, and siblings. Mr. Humphrey worked with his dad in the family business and helped maintain the family's residence. Thereafter, Mr. Humphrey began making a living through online video gaming. This vocation created an environment without much interaction with individuals in person. This environment created where Mr. Humphrey was very limited in his contact with non-family members. He began meeting all acquaintances through online services. Coupled with Mr. Humphrey's own childhood sexual traumas he began a number of relationships through these online interactions that included at least two underage victims. Mr. Humphrey is remorseful for his illegal conduct. He has thoughtfully reflected upon his conduct with respect to the harmful impact that these crimes effectuated.

Upon Mr. Humphrey's arrest, he immediately acknowledged his unlawful conduct, prior to federal charges being levied against him. He was granted home confinement and quickly enrolled in a therapeutic process with a psychologist in Beckley, West Virginia to address his issues. That psychologist has previously offered testimony regarding his progress and the fact that Mr. Humphrey, as a person perpetrated against in his youth, acknowledges and changed his behavior since his arrest.

Mr. Humphrey has a very limited criminal history as reflected by his presentencing investigation. The impact of serving jail time since his original arrest in August, his home incarceration, then his additional time from the federal charges levied in March 2021, have had an exacerbated impact considering the aforementioned factors. Beyond several physical assaults in the regional jail, contracting Covid on at least two occasions, the Defendant has had numerous

impacting experiences and failed to receive adequate medical care, etc.

Mr. Humphrey is a relatively young man, who because of his embracing of psychological treatment, has an extremely positive prognosis for his care. In prior proceedings, Dr. Kristi Dumas referenced that upon initial evaluation, therapy ensued, and she believed the therapies he engaged in while on home confinement responsible for the alteration in his behavior.

**II.     Section 3553(a)(2)(A-C): The need for the sentence imposed to reflect the seriousness of the offense; to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant.**

In light of the foregoing, Mr. Humphrey submits that a sentence within the guideline range of 292 to 360 months is greater than necessary to satisfy the purposes of sentencing, and instead asks the Court to sentence him to less than 292 months. A sentence belove the guideline range will impose a just punishment and restrict his liberty sufficiently to provide adequate specific deterrence and promote general deterrence to the public.

**III.    Section 3553(a)(2)(D): The need for the sentence to be imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

Mr. Humphrey is willing to participate in counseling during his sentence of incarceration and respectfully requests the Court recommend that he receive counseling during his sentence of incarceration and placement in a facility wherein in can receive continued counseling and psychological treatment. Mr. Humphrey was subjected to sexual abuse during his youth, but did not receive treatment for said sexual abuse until after his arrest in this matter.

**IV.     Time needed for sentencing hearing.**

Defendant's counsel estimates that the sentencing hearing will take 30 minutes.

Dated: June 18, 2021

Respectfully submitted,
**DOUGLAS PATRICK HUMPHREY**
By Counsel,

/s/Robert P. Dunlap, II
Robert P. Dunlap, Esquire
Counsel for Defendant
208 Main Street, Beckley, WV  25801
Phone: (304) 255-4762
Fax: (304) 255-4760
RobertDunlapEsq@gmail.com

IN THE UNITED STATES COURT DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

UNITED STATES OF AMERICA

V.                          CRIMINAL NO. 5:21-cr-00005

**DOUGLAS PATRICK HUMPHREY**
    Defendant.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the Defendant's, Douglas Patrick Humphrey, Amended Sentencing Memorandum was served upon the following parties in the interest on the 29th day of June, 2021 by filing with the Court via electronic filing:

Jennifer Rada Herald
Assistant United States Attorney
300 Virginia Street, East, Room 4000
Charleston, WV 25301

                                        /s/Robert P. Dunlap, II
                                        Robert P. Dunlap, II (WVSB # 10012)
                                        Counsel for Defendant
                                        208 Main Street
                                        Beckley, WV  25801
                                        Phone: (304) 255-4762
                                        Fax: (304) 255-4760
                                        RobertDunlapEsq@gmail.com