UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA

v.                                              CRIMINAL ACTION NO. 5:21-cr-00005

DOUGLAS PATRICK HUMPHREY

MEMORANDUM OPINION AND ORDER

On September 10, 2021, Mr. Humphrey was sentenced to 360 months imprisonment, followed by a life term of supervised release for attempted production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e). [ECF 52, 53]. The Court further imposed no fine, a $100 special assessment, and an additional $5,000 special assessment. [*Id.*]. Mr. Humphrey subsequently appealed to the United States Court of Appeals for the Fourth Circuit [ECF 62], which remanded this case for the limited purpose of permitting this Court to make the necessary factual findings regarding the applicability of the additional special assessment pursuant to 18 U.S.C. § 3014. [ECF 73].

Pursuant to the Justice for Victims of Trafficking Act ("JVTA"), the court "*shall* assess an amount of $5,000 on any non-indigent person" convicted of an offense related to the sexual exploitation of children. 18 U.S.C. § 3014(a)(3) (emphasis added). A court may consider a defendant's "financial resources and assets, financial obligations, projected earnings, other income, age, education, health, dependents, and work history" to determine indigence for § 3014

special assessment purposes. *United States v. McMiller*, 954 F.3d 670, 674 (4th Cir. 2020); *see also United States v. Knowles*, 770 F. App'x 125, 126–27 (4th Cir. 2019).

At the time of sentencing, Mr. Humphrey was 33 years old and had lived with his parents since the early 2000s. [PSR at 2, ¶ 17]. His primary asset was his vehicle, a 2019 Ford Mustang, which valued approximately $25,000. [*Id*. ¶ 81]. Mr. Humphrey's monthly financial obligations were modest, totaling $170, and he did not report any significant outstanding liabilities. [*Id*. ¶ 81]. However, a credit report conducted by the Probation Officer revealed outstanding liabilities of around $35,000, of which $24,000 was related to an auto loan. [*Id*. ¶ 81]. As to his education, Mr. Humphrey has a high school diploma and several years of college experience, though he is without a degree. [*Id*. ¶ 78]. Since the age of 18, he worked "off and on" for his father's business, Universal Sandblasting and Painting, LLC, and reported working for Frontier Communications and For Your Entertainment from 2013 to 2014. [*Id*. ¶ 79]. From 2017 until 2021, Mr. Humphrey averaged $2,000 per month by streaming himself playing video games on the platform, Twitch. [*Id*.].

At the rate of quarterly payments of $25 combined with his 360-month sentence, Mr. Humphrey's remaining payment will total around $2,000 when he is released. While the Court acknowledges Mr. Humphrey's outstanding liabilities may be significant,[1] it is not limited to a stagnant assessment of his financial status. *See McMiller*, 954 F.3d at 674. Mr. Humphrey has demonstrated his ability to maintain steady employment despite lacking training or specialized

---

[1] $24,000 of Mr. Humphrey's outstanding liabilities is toward his 2019 Ford Mustang valued at $25,000. It is undetermined whether Mr. Humphrey sold this asset. If so, this drastically lowers his outstanding liabilities to about $10,000.

skills. In any event, he will have access to vocational training and various rehabilitative programs while incarcerated to increase his chances of employment following release.[2]

Indeed, Mr. Humphrey will be in his late 50s upon release and subjected to sex offender registration requirements. While these factors may present challenges in obtaining employment, these circumstances alone do not render him "indigent." *See United States v. Meek*, 32 F.4th 576, 581 (6th Cir. 2022) (affirming a § 3014 special assessment where the defendant will be 54 at the time of his projected release); *United States v. Shepherd*, 922 F.3d 753, 760 (6th Cir. 2019) (finding a defendant "cannot use his sex-offender status to shield him from paying the assessment" inasmuch as the statute contemplates assessing sex offenders). Mr. Humphrey's stable employment history and vocational prospects indicate an ability to pay the remaining obligation upon release -- whether as a lump sum or through imposition of a payment schedule as determined appropriate by his Probation Officer.[3]

Accordingly, this Court **FINDS** Mr. Humphrey "non-indigent" for purposes of § 3014 and **ORDERS** him to continue making quarterly payments of $25 towards the $5,000 special assessment.

The Court **DIRECTS** the Clerk to transmit a copy of this written opinion and order to the Defendant and his counsel, the United States Attorney, the United States Probation Officer, and the United States Marshal Service.

ENTER:          June 12, 2025

Frank W. Volk
Chief United States District Judge

---

[2] While Mr. Humphrey is currently unable to secure prison employment [ECF 84 at 5], there is no indication that this will remain the case indefinitely, especially given the length of his sentence.

[3] Mr. Humphrey's obligation to pay the special assessment continues for 20 years after his release. 18 U.S.C. §§ 3014(g), 3613(b).